Filing # 124089756 E-Filed 03/31/2021 12:12:21 PM

                                               IN THE CIRCUIT COURT, FOURTH
                                               JUDICIAL CIRCUIT, IN AND FOR
                                               DUVAL COUNTY, FLORIDA

                                               CASE NO.:

**DEBRA WEST,**

    Plaintiff,

v.

**TARGET CORPORATION,**

    Defendant.
_____/

# COMPLAINT

    Plaintiff, **DEBRA WEST,** by and through her undersigned attorney, hereby sues Defendant **TARGET CORPORATION** and alleges:

    1.    This is an action for damages that exceeds the sum of **ONE HUNDRED THOUSAND DOLLARS** ($100,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$100,000" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

    2.    At all times material to this action, Plaintiff, **DEBRA WEST,** was a natural person who resides in Jacksonville, Duval County, Florida.

    3.    At all times material to this action, Defendant, **TARGET CORPORATION** was a Foreign Profit Corporation licensed to do business and doing business in the State of Florida.

4. At all times hereto, Defendant, **TARGET CORPORATION**, was the owner and was in possession of the premises known as Target located at 10490 San Jose Blvd., Jacksonville, Florida, Duval County, Florida.

5. On or about June 19, 2019, Plaintiff, **DEBRA WEST**, was visiting the aforementioned premises located at the above address to shop.

6. At said time and place, Plaintiff was a customer and business invitee at Defendants' store, lawfully upon the premises of the Defendants, who therefore owed Plaintiff a duty to exercise reasonable care for her safety.

7. On or about June 19, 2019, Plaintiff, **DEBRA WEST**, was walking in the store owned by Defendant, **TARGET CORPORATION**, located at 10490 San Jose Blvd., Jacksonville, Florida, Duval County, Florida when she encountered liquid on the floor coming from a leak in the ceiling.

8. At same time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the interior flooring, thus creating a slipping hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   a) Negligently creating a slipping hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the interior flooring, as specified above, to ascertain whether the interior floor, which was poorly maintained, constituted a hazard to patrons utilizing said interior area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the interior flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior

2

|   |   |
|---|---|
|   | flooring was unreasonably dangerous and that Plaintiff was unaware of same; |
| d) | Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the interior flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care; |
| e) | Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the interior flooring for dangerous conditions; |
| f) | Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the interior flooring for dangerous conditions; |
| g) | Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition; |
| h) | Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the interior flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises; |
| i) | Negligently failing to enforce its policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions; |
| j) | Negligently failing to assign specific associates/employees to the task of monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions; |
| k) | Negligently failing to act reasonably under the circumstances; |
| l) | Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein; |
| m) | Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community; and |

      n)     Negligently failing to install, maintain and provide a safe flooring surface within the subject premises.

9. As a result, while Plaintiff was visiting Defendant's premises, she slipped and fell on an unmarked liquid substance sustaining injuries.

10. As a direct and proximate result of the negligence of Defendant, **TARGET CORPORATION,** Plaintiff suffered and incurred:

    A. Significant and permanent loss of an important bodily function and/or permanent and significant scarring;

    B. Permanent injury within a reasonable degree of medical probability other than scarring or disfigurement;

    C. Aggravation or activation of an existing disease or physical defect;

    D. Pain, suffering, disability, physical impairment, mental anguish, inconvenience, and a loss of capacity for the enjoyment of life;

    E. Expenses of medical care and treatment in the past and in the future; and or wage loss

    F. An aggravation of a previous medical condition.

All losses are continuing and/or permanent

**WHEREFORE,** the Plaintiff, **DEBRA WEST,** demands judgement for judgement against Defendant, **TARGET CORPORATION,** and other such relief deemed proper by the Court. **Plaintiff also demands a jury trial on all issues so triable.**

**RESPECTFULLY** submitted this 31st day of March, 2021.

                                      **MORGAN & MORGAN**

                                      /s/ Albert H. Lechner, Esq.
                                      **Albert H. Lechner, Esquire**
                                      Florida Bar No.: 0022717
                                      2601 N. Ponce De Leon Blvd
                                      St. Augustine, Florida 32084
                                      Phone: (904) 417-4170

        E-Mail: alechner@forthepeople.com
        E-Mail: skhan@forthepeople.com
        E-Mail: aandrade@forthepeople.com
        Attorney for Plaintiff

5